JIE LING CHEN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–4397–ag.

United States Court of Appeals, Second Circuit.

June 6, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney; Judy K. Hunt, Patricia D. Barksdale, Assistant United States Attorneys, Appellate Division, Jacksonville, FL, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jie Ling Chen, a native and citizen of the People's Republic of China, seeks review of an August 28, 2006 order of the BIA affirming the March 30, 2005 decision of Immigration Judge ("IJ") Robert Weisel denying Chen's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jie Ling Chen*, No. A 96 030 666 (B.I.A. Aug. 28, 2006), *aff'g* No. A 96 030 666 (Immig. Ct. N.Y. City Mar. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Substantial evidence supports the agency's determination that Chen failed to establish eligibility for withholding of removal and relief under the CAT based on her illegal departure from China. In rendering his decision, the IJ considered the background materials bearing on the issue of torture in China. While the 2004 State Department Country Reports on Human Rights Practices for China indicated that torture occurs in China, the IJ reasonably found that the existence of torture did not mean that Chen would likely be persecuted or tortured for being smuggled out of China. He further noted that the record contained no objective evidence that individuals who fled China illegally were tortured by Chinese officials when they returned.

Although Chen credibly testified that she had previously been incarcerated for one hundred days after a previous attempt to illegally emigrate to the United States, the IJ appropriately noted that she had not provided any evidence of mistreatment or harm during her detention. Thus, "[w]ithout more particularized evidence," Chen's credible testimony does not establish that it is more likely than not that she would be mistreated in any way, as relevant to the Immigration and Nationality Act or the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

Furthermore, because Chen failed to raise her due process claim before the BIA, she is precluded from raising it here. 8 U.S.C. § 1252(d)(1); *see also U.S. v. Gonzalez–Roque*, 301 F.3d 39, 48 (2d Cir. 2002); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.